UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

BRIAN A. WARREN,

        Petitioner,        Case No. 1:10-cv-862

v.        Honorable Paul L. Maloney

THOMAS BIRKETT,

        Respondent.

_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner presently is confined at the Pine River Correctional Facility. Petitioner was convicted in the Calhoun County Circuit Court of felony-murder, two counts of first-degree criminal sexual conduct (CSC I), assault and battery, kidnapping and the unlawful driving away of an automobile.[1] On October 16, 1995, Petitioner was sentenced to life imprisonment for the murder conviction, thirty to sixty years for each of the CSC I convictions, ninety days for the assault conviction, thirty to sixty years for the kidnapping conviction and three to five years for the unlawful driving away conviction. Presently before the Court is Petitioner's "Motion for Leave of Court to File [a] Petition for Writ of Habeas Corpus" (docket #1), which this Court construes as an application for habeas corpus relief.

---

[1] Petitioner was also convicted of first-degree home invasion, but the conviction was subsequently vacated on double jeopardy grounds because it was the predicate felony for the felony-murder conviction.

Petitioner has filed two previous habeas corpus cases challenging the 1995 convictions. Petitioner filed his first habeas petition in 2000 (2000 petition) in the United States District Court for the Eastern District of Michigan. The court dismissed the 2000 petition with prejudice on May 24, 2001. *See Warren v. Jackson*, Case No. 2:00-cv-73560 (E.D. Mich.) (May 24, 2001 Op. & J.) (docket ##41-42). Petitioner filed a second habeas petition in this Court in 2005 (2005 petition). Petitioner amended his 2005 petition several times. In the last amended petition, Petitioner claimed that the sentencing court improperly issued an amended judgment of sentence without first appointing counsel for Petitioner and providing him with an opportunity to be heard. In a report and recommendation issued on April 1, 2008, the magistrate judge concluded that the petition was not second or successive because the claim asserted in his amended petition did not arise until September 2005, long after he initiated his first habeas corpus action in the Eastern District of Michigan. The magistrate judge addressed the merits of Petitioner's claim and found it to be without merit. On May 9, 2008, the district judge issued an opinion and order adopting the report and recommendation and dismissed the petition with prejudice. *See Warren v. Jackson*, No. 1:05-cv-791 (W.D. Mich.) (May 9, 2008 Op. & Order) (docket #125).

Petitioner now brings a third application for habeas corpus relief challenging his 1995 convictions. Because Petitioner's previous habeas actions were filed after the enactment of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), his current petition is subject to "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533

U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).[2] A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

Petitioner filed two previous habeas corpus cases regarding his 1995 criminal convictions that were dismissed on the merits, and, thus, the instant petition is second or successive. In order to file another habeas corpus action, Petitioner must obtain authorization from the Sixth Circuit.[3] Therefore, the appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

IT IS ORDERED that this application for habeas corpus relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Date: September 17, 2010 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge

---

[2] When the initial petition was filed before the enactment of the AEDPA on April 24, 1996, the district court must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA abuse of the writ standard. *Cress*, 484 F.3d at 852. That standard does not require authorization from the court of appeals. *Id.*

[3] The Sixth Circuit previously has denied Petitioner's motion to file a second or successive habeas petition. *See In re Warren,* No. 08-1106 (Mar. 14, 2008).